```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
UNITED STATES OF AMERICA           :
                                   :      16 CR 809 (VM)
     - against -                   :
                                   :
EARL BANKS,                        :      DECISION AND ORDER
                                   :
               Defendant.          :
-----------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

Earl Banks ("Banks") is currently serving a sentence of 80 months' imprisonment at FCI Loretto. (See Dkt. No. 292 at 2.) By an undated letter, Banks moves this Court for compassionate release or a reduction of his sentence. (See "Motion," attached). The Court now construes the Motion as being made pursuant to 18 U.S.C. Section 3582(c)(1)(A) ("Section 3582"). For the reasons set forth below, the Court DENIES the Motion at this time.

Section 3582 allows a court to reduce a term of imprisonment or supervised release after considering the factors set forth in 18 U.S.C. Section 3553(a) and finding that "extraordinary and compelling reasons warrant such a reduction." See Section 3582(c)(1)(A)(i). However, a court may do so only upon motion of the Director of the Bureau of Prisons ("BOP") or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the

defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." <u>See</u> Section 3582(c)(1)(A).

Any reduction of sentence under Section 3582 must also be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." <u>Id.</u> United States Sentencing Guidelines Section 1B1.13 ("Section 1B1.13") provides guidance on the circumstances under which "extraordinary and compelling reasons" exist.

In the Motion, Banks highlights his rehabilitation while incarcerated, his progress towards his GED, his participation in multiple programs, and his expected participation in his facility's residential drug abuse program. (<u>See</u> Motion at 1–2.) Banks asks the Court to reduce his sentence in light of the coronavirus pandemic, noting the difficulties of practicing social distancing in his facility. (<u>See</u> <u>id.</u> at 2.) Banks does not mention whether he has submitted a request for compassionate release on these grounds to the warden of his facility.

The Court is constrained to deny the Motion at this time, as Banks provides no proof that he has exhausted his administrative avenues for relief with the BOP or waited over thirty days for a response. <u>See</u> <u>United States v. Mathis</u>, No. 02 CR 891, 2020 WL 550645, at *1 (E.D.N.Y. Feb.

2

4, 2020). As the Supreme Court has instructed, "[w]here Congress specifically mandates, exhaustion is required." McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Any argument that it would be futile to exhaust administrative remedies is unavailing, as the statute contains an express futility provision: the ability to seek judicial relief if the BOP has not acted within thirty days. See Section 3582; see also Booth v. Churner, 532 U.S. 731, 741 n.6 (2001) ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."); Theodoropoulos v. I.N.S., 358 F.3d 162, 172 (2d Cir. 2004) ("[C]ourts are required to strictly enforce statutory exhaustion requirements."). Multiple United States Courts of Appeals have confirmed that Section 3582's exhaustion requirements cannot be waived, even during the current pandemic. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020); United States v. Alam, 960 F.3d 831, 833-34 (6th Cir. 2020).

If the BOP either denies Banks relief or takes longer than thirty days to respond to his request, then the Court can consider a renewed motion for compassionate release by Banks on its merits. The Court directs that Banks attach documentation proving his satisfaction of the exhaustion requirements if he refiles his motion, so that the Court

3

may render a decision on an adequate factual record. See United States v. Bolino, No. 06 CR 806, 2020 WL 32461, at *1, *1 n.1 (E.D.N.Y. Jan. 2, 2020).

While the Court need not address the merits of the Motion, the Court notes that the grounds for release or a reduction of sentence cited by Banks currently do not present the "extraordinary and compelling reasons" for relief required by Section 3582. Rehabilitation is certainly commendable, but the application notes to Section 1B1.13 specifically state that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." Section 1B1.13, Application Note 3. Accordingly, courts do not treat rehabilitation alone as an adequate basis to justify relief under Section 3582. See United States v. Lisi, No. 15 CR 457, 2020 WL 881994, at *4 (S.D.N.Y. Feb. 24, 2020).

Banks' concerns about the coronavirus cannot justify relief on the record currently before the Court, either. Numerous courts have found that the risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release, absent additional factors such as advanced age or serious underlying health conditions that place a defendant at greater risk of negative complications from the disease. See, e.g., United

4

States v. Yeison Saldana, No. 15 CR 712, 2020 WL 2395081, at *2 (S.D.N.Y. May 12, 2020); United States v. Shawn Olszewksi, No. 15 CR 364, 2020 WL 2420483, at *2-3 (S.D.N.Y. May 12, 2020); United States v. Jaramillo, No. 17 CR 4, 2020 WL 2306564, at *1 (S.D.N.Y. May 8, 2020). If Banks has serious underlying health conditions that might warrant release, he may raise them in a renewed motion upon compliance with the exhaustion requirements of Section 3582.

Accordingly, it is hereby

**ORDERED** that the motion of Earl Banks ("Banks") for compassionate release (see attached letter) is **DENIED**. Banks may refile his motion upon compliance with the exhaustion requirements set forth in 18 U.S.C. Section 3582(c)(1)(A). The Clerk of Court is directed to mail this Decision and Order to Earl Banks at Federal Correctional Institution Loretto, P.O. Box 1000, Cresson, PA 16630.

**SO ORDERED.**

Dated:  New York, New York
        24 July 2020

_____
Victor Marrero
U.S.D.J.

5



Earl Banks
Reg # 85714-054
Federal Correctional Instituton Loretto
Po Box 1000
Cresson, Pa 16630

<u>United States V. Earl Banks, 16 Cr. 809 (VM).</u>

Dear. Honorable Victor Marrero

I Earl Banks, am writing you this Letter on the behave of myself. I came Before you for Sentencing On July 19, 2019. where I was Sentenced to 80 months for my Participation in a Racheteering Conspiracy. On about February 20, 2019 I Pled Guilty to Count one of the Superseding Indictment. I've Been Detaind for 25 Going on 26 months now an During this time I have been takin multiple Programs, Also my G.E.D. I am a Change Person an to me its Sad too say that I had to get Locked an have to taken away from my daughter to relize I was goin down the wrong Path. everyday I wake up Im a better Person the Yestarday. I turn 24 in Just 3 days on July 16th, this will have Been my 3rd Birthday Spent in Prison. I was aressted at the age of 21 due too this Case.

As I write this Letter to you, Im in the Process of waiting to start my next Program which is the (RDAP).

Your honor, If you find it in your heart to where that you Give me a chance back in the Community I will appreciate you.

do to Corona virus, may you Give me a Shot at a re-duce Sentence..? Being incarcerated is diffucalt at social distancing, An Im afraid to Being in Contact with anyone with it.

Ive Betterd myself an everyday I Continue too thanks for Giving me this time to relize that Im not that person that I was acting like.

my daughter, You an Being in prison Saved my Life. thank You Sir!

P.S. Please Respond so I know that you recivied this Letter.

Signature: Earl Bank

Earl Banks # 65714-054
Federal Correctional Institution Loretto
Po Box 1000
Cresson, PA, 16630

JOHNSTOWN PA 159
15 JUL 2020 PM 1 T

Honorable Judge Victor Marrero
500 Pearl Street
New York, NY 10007