USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_____

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
UNITED STATES OF AMERICA             :
                                     :    16 CR 809 (VM)
     - against -                     :
                                     :
EARL BANKS,                          :    DECISION AND ORDER
                                     :
               Defendant.            :
-------------------------------------X
```
**VICTOR MARRERO, United States District Judge.**

Earl Banks ("Banks") is currently serving a sentence of 80 months' imprisonment at FCI Loretto. (See Dkt. No. 292 at 2.) By letter dated July 16, 2020, Banks moves this Court for compassionate release or a reduction of his sentence. (See "Motion," attached). The Court now construes the Motion as being made pursuant to 18 U.S.C. Section 3582(c)(1)(A) ("Section 3582"). For the reasons set forth below, the Court DENIES the Motion.

Section 3582 allows a court to reduce a term of imprisonment or supervised release after considering the factors set forth in 18 U.S.C. Section 3553(a) and finding that "extraordinary and compelling reasons warrant such a reduction." See Section 3582(c)(1)(A)(i). However, a court may do so only upon motion of the Director of the Bureau of Prisons ("BOP") or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the

defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." See Section 3582(c)(1)(A). Any reduction of sentence under Section 3582 must also be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." Id. United States Sentencing Guidelines Section 1B1.13 ("Section 1B1.13") provides guidance on the circumstances under which "extraordinary and compelling reasons" exist.

Banks previously requested compassionate release and the Court denied the request based on Banks' failure to demonstrate that he had exhausted his administrative avenues for relief. (See "July 24 Order," Dkt. No. 540.) The Court held that this failure to demonstrate exhaustion was fatal to his claim. See United States v. Mathis, No. 02 CR 891, 2020 WL 550645, at *1 (E.D.N.Y. Feb. 4, 2020). As the Supreme Court has instructed, "[w]here Congress specifically mandates, exhaustion is required." McCarthy v. Madigan, 503 U.S. 140, 144 (1992). The Court also noted that on the merits, Banks' claimed grounds for relief did not present the "extraordinary and compelling reasons" required by Section 3582. Nor did Banks' concerns about the coronavirus justify relief on the record then before the Court. (See July 24 Order at 4-5 (citing United States v. Yeison Saldana, No. 15 CR 712, 2020

2

WL 2395081, at *2 (S.D.N.Y. May 12, 2020); United States v. Shawn Olszewksi, No. 15 CR 364, 2020 WL 2420483, at *2-3 (S.D.N.Y. May 12, 2020); United States v. Jaramillo, No. 17 CR 4, 2020 WL 2306564, at *1 (S.D.N.Y. May 8, 2020).)

Banks now again moves for compassionate release due to the risks presented by COVID-19. In his Motion, Banks highlights the dangers presented by COVID-19, the fact that other inmates have been released to home confinement, and the fact that he has plans to return to work at the Pepsi Cola Bottling Company in Queens, NY upon release from prison, under the supervision of a relative who also works there. Banks notes that in prison, it is difficult to avoid contact with others, and that individuals with COVID-19 may be asymptomatic.

The Court will deny the Motion. Reconsideration of a previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." United States v. Rutigliano, No. 11 CR 1091, 2016 WL 2727317, at *2 (S.D.N.Y. Apr. 26, 2016) (quoting In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). To succeed, the request for reconsideration must "set[] forth concisely the matters or controlling decisions which [the movant] believes the Court has overlooked." Local Crim. R. 49.1.

Nothing Banks brings to the Court's attention was previously overlooked, and nothing in the Motion suggests that Banks has exhausted his administrative remedies. Thus, the Court will deny the Motion for essentially the same reasons it denied relief in the July 24 Order. The grounds relied upon in his Motion simply do not rise to the level of "extraordinary and compelling reasons" to warrant the relief of Section 3582. In particular, his concerns over the possibility of contracting COVID-19 are insufficient, as explained in the July 24 Order. If Banks has serious underlying health conditions, or can otherwise demonstrate "extraordinary and compelling reasons" that would warrant relief, he may raise those arguments in a renewed motion upon compliance with the exhaustion requirements of Section 3582. Because he has not done yet so, the Court must deny the Motion.

Accordingly, it is hereby

**ORDERED** that the motion of Earl Banks ("Banks") for compassionate release (see attached letter) is **DENIED**. The Clerk of Court is directed to mail this Decision and Order to Earl Banks at Federal Correctional Institution Loretto, P.O. Box 1000, Cresson, PA 16630.

**SO ORDERED.**

Dated:   New York, New York
         28 August 2020

Victor Marrero
U.S.D.J.

RECEIVED AUG 4 - 2020 CHAMBERS OF JUDGE MARRERO

Earl Banks
Reg # 85714-054

~~Thursday~~
July 16th, 2020
3:21 p.m.

United States V. Earl Banks, 16 Cr. 809 (VM)

The Honorable Victor Marrero

I Earl Banks am writing you due to the unSaftey perdicument that myself and other Inmates are witnessing here at Loretto Federal Correctional Institution. Due to this Corona Pendemic multiple familes are suffering Deaths, nevousness and Social distancing. Not Just people that are in the community but also "US" as in the ones who are incarcerated. There are many wrong doings that occure in this prison, especially when it comes to the Safety of our health. We have no way of social distencing to prevent contact with Covid 19, transfers are being made but there not alot of test's here or if any to keep track of knowing if Covid 19 is in this facility. I understand that Staff are useing "Being Quarintine" as a number one proceduer. But how will the know if any body here has contacted this human killing disease? If the person is "A-Sympthamatic" - which means that they wont show any sympthoms, but have it. → Conliue Please

I only do not care for myself But for others that are here suffering also.

many inmates are being Released an Sent on home Confindment, with 2 or 3 years Left of there Sentenced.

I dont have the money to get a paid Lawyer or anything of that expence.

I have about 2 an a half years to 3 Left of my inprisonment, If I was to get home confindment I will have a Job waiting for me at the Pepsi cola Botteling Company in Queens NY on Collage point, where I would be working from 5Am untill 6 pm MonDay - friDay an Sometimes Saturdays as well.

With my uncle Genero Garcia who still works there an is my Boss, for proof this is his number 917-588-2464.

Any Questions please call him or write me to the address on the envelope thank sir.

Signature Earl Bank

Earl Banks # 88714-084
Federal Correctional Institution Loretto
P.O. Box 1000
Cresson, P.A. 16630

Honorable Victor Marrero
United States District Court
500 Pearl Street
New York, NY 10007-1312

